UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK STEWART MURFITT,

    Plaintiff,

    v.       CAUSE NO.: 3:18-CV-751-JD-MGG

JOHN COX, et al.,

    Defendants.

OPINION AND ORDER

Mark Stewart Murfitt, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Murfitt alleges that, on September 6, 2016, his neighbor called 911 and reported that Murfitt had threatened her and her children outside of their home. At 10:05 p.m., that night, Officers Cox and O'Blenis arrived at Murfitt's apartment and knocked on his front door. At the officers' request, Murfitt went outside to talk with the officers, and Officer Cox closed but did not lock the front door. Officers Cox and O'Blenis walked Murfitt to their vehicle and placed him in handcuffs. An

unidentified officer arrived and replaced Officer O'Blenis. Officer Cox and the unidentified officer slammed Murfitt against the vehicle, which displaced his right shoulder from its socket. The two officers then threw Murfitt into the vehicle and stomped on his legs, displacing Murfitt's right knee cap. Murfitt also lost personal property as a result of Officer Cox not locking the front door. For his physical injuries, emotional distress, and property loss, Murfitt seeks money damages.

Murfitt asserts a claim of excessive force against Officer Cox and the unidentified officer. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). For such claims, the operative test is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Giving Murfitt the favorable inferences to which he is entitled at this stage, he plausibly states a Fourth Amendment claim of excessive force. However, the unidentified officer is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

Murfitt also asserts a false arrest claim against Officer Cox and Officer O'Blenis. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003).

"Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). According to the complaint, Murfitt's neighbor called 911 and reported that he had threatened her and her children near their home. Because this information was sufficient to establish probable cause to arrest Murfitt, he cannot proceed on a false arrest claim.

Murfitt next asserts that Officer Cox deprived him of his personal property without procedural due process by not locking his front door. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a State can fulfill its obligation to provide procedural due process by implementing a method by which an individual can seek appropriate remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Indiana has satisfied its obligation to provide procedural due process by implementing the Indiana Tort Claims Act, Ind. Code 34-13-3, *et seq.*, which allows individuals to file lawsuits and to seek compensation for property losses caused by government employees. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Because the State of Indiana provides adequate procedural due process, this claim is dismissed.

Additionally, Murfitt asserts claims against Officers Krownwitter, Rameriz, Cox, and O'Blenis for submitting false reports about him. According to the complaint, Officers Krownwitter and Rameriz submitted a false report that, on September 6, 2016,

at 9:50 p.m., they arrived at Murfitt's apartment, asked him to come out, but he refused. Murfitt alleges that Officers John Cox and O'Blemis also submitted a false report that, at 10:17 p.m., Murfitt was arrested in his front yard. However, Murfitt does not indicate that these reports caused him any harm, nor does he explain how either of these reports violated his constitutional rights. As a result, he cannot proceed of these claims.

For these reasons, the court:

(1) GRANTS Mark Stewart Murfitt leave to proceed on a claim against Officer John Cox for money damages for use of excessive force on September 6, 2016, in violation of the Fourth Amendment;

(2) DISMISSES Officer Kronewitter, Officer Rameriz, Officer O'Blenis, and John Doe;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer John Cox at the South Bend Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer John Cox respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Mark Stewart Murfitt has been granted leave to proceed in this screening order.

SO ORDERED on September 17, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT